THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLO-GY, PLAINTIFF, v. CITY OF HOBOKEN, DEFENDANT.

CITY OF HOBOKEN, PLAINTIFF, v. THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, DEFENDANT.

Tax Court of New Jersey

November 10, 1980.

*John J. Hanlon, Jr.* for The Trustees of Stevens Institute of Technology (*Milton, Keane & Brady,* attorneys).

*Herbert H. Fine* for City of Hoboken.

CRABTREE, J. T. C.

These are local property tax cases wherein The Trustees of the Stevens Institute of Technology (Stevens) claims tax exemption for 1978 and 1979 with respect to real property located at 901–03 Hudson Street, Hoboken, New Jersey (Block 238, Lot 1) pursuant to *N.J.S.A.* 54:4–3.6. Stevens asserts that the use of the premises as a student dormitory and faculty residence constitutes use for school purposes within the meaning of the statute. Hoboken concedes exemption of that portion of the property devoted to student dormitory use but challenges the exemption with respect to the portion used as a residence by the school treasurer and his family. The Hudson County Board of Taxation denied the exemption claim for 1978 but allowed it for 1979.

Stevens is an educational institution. The property in question is a 3–story structure, the second and third floors of which are used as a dormitory for female students. The first floor and the basement are occupied by Robert A. Hand, Stevens' treasurer, his wife and three children. Hand's occupancy commenced on or about March 31, 1977 and continues to the present. Prior to 1976 the entire building was used as a guest house for visitors attending functions on the Stevens campus. Thereafter the top two floors were converted to dormitory use. During the interval between the inception of dormitory use and the treasurer's occupancy of the first floor and basement, the first floor was used by students for sleeping accommodations on an *ad hoc* basis.

Hand has been employed by Stevens since 1947. In 1974 he was appointed treasurer of that institution. For some years prior to his occupancy of the subject property, he commuted daily from his home in Marlboro Township, Monmouth County

to his place of employment in Hoboken, a trip of 1 hour and 15 minutes duration under the best of circumstances. His position as treasurer required that he be available on weekends for consultations with the President of Stevens, the Dean of Student Affairs and faculty members. The frequency of these conferences made his continued commuting burdensome to him and inconvenient to the officials and faculty of Stevens. Although Hand requested occupancy of the subject property, it was to the benefit of the school to have the treasurer reside on campus.

Hand paid a monthly rental to Stevens of $200, an amount substantially less than the fair rental value of the demised premises. Stevens realized no profit from the rental arrangement, the operating expenses of the building allocable to the treasurer's occupancy being considerably in excess of the actual rental income.

The relevant exemption statute is *N.J.S.A.* 54:4–3.6, which provides in pertinent part:

> The following property shall be exempt from taxation under this Chapter: All buildings actually used for colleges, schools, academies or seminaries, . . .; provided, . . . the buildings, or the lands on which they stand, . . . are not conducted for profit . . .

Where an educational institution, by its rental agreements with faculty members and officers assumes the role of an ordinary landlord and profits from the rentals the purpose to which the buildings are put furthers the school's goals only indirectly and the "actual use" requirement of the statute is not met. Where, on the other hand, the landlord–tenant relationship is secondary to the primary purpose of providing housing on the campus for critical employees and no profit is realized, the property in question is actually used for the purposes of the educational institution and tax exemption is warranted by the statute. *Pingry Corp. v. Hillside Tp.*, 46 *N.J.* 457, 217 *A.2d* 868 (1966). See *Hoboken v. Div. of Tax Appeals*, 134 *N.J.L.* 594, 49 *A.2d* 587 (Sup.Ct.1946), modified on other grounds 136 *N.J.L.* 328, 55 *A.2d* 290 (E. & A.1947). The landlord–tenant relationship was a secondary consideration in the instant case. Of

paramount importance was the mutual desire of Stevens and Hand that the latter live on campus, thereby increasing the treasurer's availability to the faculty and other officials of the institution and relieving the employee of the burdensome daily trip from Marlboro Township to Hoboken. The breakdown of rental income and allocable expenses indicates that Stevens sustained losses on Hand's occupancy of the subject premises for both years in issue. While, as argued by Hoboken, no loss would have been sustained had the employee paid fair rental value for his occupancy, it is the existence of actual, not imputed profit that governs. *Pingry Corp. v. Hillside Tp., supra; Long Branch v. Monmouth Medical Center*, 138 *N.J.Super.* 524, 351 *A.2d* 756 (App.Div.1976).

Accordingly, I find that the premises in question were used in their entirety for educational purposes within the meaning of *N.J.S.A.* 54:4–3.6 and that the rental arrangement with the school treasurer generated no profit for Stevens within the purview of the statute.

The Clerk of the Tax Court is directed to enter judgment reversing the Hudson County Board of Taxation and eliminating the assessment *in toto* for 1978 and affirming the County Board's judgment canceling the assessment *in toto* for 1979.